CAMDEN CITY DISTRICT COURT.

J. B. VAN SCIVER COMPANY, PLAINTIFF, v. GLADYS F. FLURER, DEFENDANT.

Submitted June 15, 1933—Decided June 23, 1933.

For the plaintiff, *Carr & Carroll* (*Millard Taylor*).

For the defendant, *Edward Fischer* (of the Philadelphia bar).

NEUTZE, J. It appears in this case that in the fall of 1928 and spring of 1929 defendant purchased from the plaintiff certain articles of furniture and had repairs made to certain property totaling $765.35. Payments were made on account of said claim to the extent of $700.08, leaving an unpaid balance of $65.27. No payments have been made on account of said claim since February 10th, 1931.

On May 3d, 1933, a writ of attachment was issued out of this court and the rugs in question were duly attached. It appears by affidavit filed in the cause that notice of attachment and a copy of the state of demand and order for hearing in the attachment proceedings were duly served on the defendant personally in Philadelphia on May 20th, 1933. The matter came on for trial on May 26th, 1933, and upon proof in open court judgment was entered against the defendant. No appearance was entered for the defendant at the said trial.

On June 2d, 1933, defendant, through her Philadelphia counsel, mailed to the attorneys for the plaintiff claim of exemption. On June 6th, 1933, this court allowed a rule to show cause why the claim of exemption should not be dismissed. The present matter arises on the application to dismiss the claim of exemption.

According to the testimony of the defendant, she and her family live in the city of Philadelphia. The purchases and dealings with J. B. Van Sciver Company were made in the store of the plaintiff at Camden. From time to time articles have been cleaned and stored by the plaintiff for the defendant. On such occasions defendant called J. B. Van Sciver Company on the telephone of a Philadelphia Exchange, Lombard 6200. The Philadelphia telephone directory lists J. B. Van Sciver Company as follows: "J. B. VanSciver Co., furniture, carpets, draperies & interior decorations, Market St. Ferry, Camden, N. J. *LOMbrd 6200." Following the above is the note, "From 5:30 P. M. to 8:30 P. M. weekdays, Sundays and holidays call as follows." Then follows some seven numbers with the exchange "Lombard." The main warehouse and warehouse No. 2 are listed as Front and Arch. It is interesting to note that the Camden telephone directory, after listing similarly to the above, contains the statement, "when calling from Philadelphia—LOMbard 6200."

Defendant contends that when she called J. B. Van Sciver Company on the telephone the rugs were stored at the Yellow Van Storage Company in Philadelphia; that she did not know where the rugs in question were to be taken; that she never asked where the rugs were to be taken; and that it made no difference to her whether J. B. Van Sciver Company cleaned and stored the rugs in Philadelphia or in Camden.

It is a fact that J. B. Van Sciver Company is a corporation of the State of New Jersey, was incorporated on June 27th, 1898, and since that time has conducted its business in the city and county of Camden, State of New Jersey. It maintains no warehouse, factory, general offices or other place of business outside the State of New Jersey, except that it does maintain a show window on Chestnut street in the city of

Philadelphia. No business is carried on at this place, but all matters are referred to the Camden office. It is a further fact that all calls on the Lombard exchange are taken through the general offices of the company in the city of Camden, the company being listed in the Philadelphia directory solely for the convenience of Philadelphia customers in rendering it unnecessary for them to pay a toll charge in communicating with the offices at Camden. It appears as a fact that included in the articles attached is a certain nine by twelve rug, which was purchased from J. B. Van Sciver Company, and it further appears that a portion of the items are made up of repairs, storage and insurance. It also appears as a fact that in making payments on account of the claim the defendant gave no directions as to what articles the payments were to be applied upon.

Defendant contends, first, that the New Jersey Attachment act relating to exemption is not applicable in the present instance; second, that the Execution act relating to exemption is not applicable in the present instance; third, that where the property of a debtor is received in the state of the residence of the debtor for the purpose of being cleaned, and it is to be returned to the debtor at his residence in that state, the creditor cannot, without the knowledge or consent of the debtor, remove the property to a state which affords no exemption to the debtor and prevent him from obtaining the exemption allowed by the state of his residence.

With reference to the first point, the Attachment act provides for the exemption of $200 to a debtor *having a family residing in this state,* and further provides that no exemption is allowed for a debt incurred in the purchase of the specific goods attached. See section 36 of the Attachment act, 1 *Comp. Stat., p.* 148. There is no dispute that J. B. Van Sciver Company is incorporated under the laws of the State of New Jersey. There is no dispute that the defendant is neither a resident of this state nor has any family residing in this state. It, therefore, appears that the Attachment act controls the present situation.

A similar provision is set forth in the Execution act. See

section 10 of the Execution act (2 *Comp. Stat., p.* 2445), which allows an exemption of $200 to a debtor *having a family resident in this state.* Defendant's second point is, therefore, not well founded.

With reference to the third point, plaintiff admits that the rugs were called for by its truck and brought to Camden in the usual course of its business, its warehouse in Camden being the place wherein all cleaning and storage of rugs was done. It denied that it had any place of business in the city of Philadelphia and claimed that the telephone directory recites no Philadelphia place of business. There can be no doubt but that the defendant knew that the J. B. Van Sciver Company maintained its store in Camden and operated its general business from Camden. She testified that she did not know, never asked and it made no difference to her where the rugs were taken and stored, so long as J. B. Van Sciver Company took care of the same.

The doctrine applicable to the present case is set forth clearly in 25 *Corp. Jur.* 12:

"The rule that the law of the forum controls applies when a debtor endeavors to claim the benefit of the exemption laws of a jurisdiction other than that of the forum, and if there is no right of exemption under the statutes of the state in which the proceedings are brought the debtor cannot set up the exemption laws of another state of which he is a resident, unless there is something in the rule of comity between the states to require recognition of such laws."

Defendant has not made any proof whatsoever of any principle of comity requiring the exemption laws of the State of Pennsylvania to be recognized in the instant case. At page 13 of *Corp. Jur.* aforesaid, the doctrine is set forth as follows:

"There is no rule of comity which demands a recognition of a foreign exemption law, *particularly where proceedings are instituted by a resident creditor against a non-resident debtor.*" (Italics mine.)

The citations referred to by the defendant refer to situations in which a non-resident, who is unable to secure redress in his own state, seeks to avail himself of another jurisdiction

and seeks such jurisdiction with the particular purpose of evading an exemption right conferred by the state of debtor's residence. Such would not be true in the present instance.

In the present case there is no serious contention that the claim is not an absolutely just claim and that the plaintiff, being a resident of this state, is entitled to rest upon the laws of this state in bringing the present proceeding to effect collection of its claim.

Therefore, defendant's claim for exemption will be denied and leave given to plaintiff to proceed with the sale of the chattels to effect collection of the judgment previously entered.